PER CURIAM.
These consolidated proceedings are before the Court pursuant to two complaints of The Florida Bar accusing Monroe W. Treiman of engaging in the unauthorized practice of law. We issued orders to show cause why the respondent should not be enjoined from the alleged unauthorized practice of law and received responsive pleadings from Mr. Treiman. We then appointed a referee to hear the evidence and make a report to the Court. The report of the referee is now before the Court for consideration. Our jurisdiction of this matter is based on article V, section 15 of the Florida Constitution.
The complaints of The Florida Bar alleged numerous specific instances of unauthorized practice of law on the part of respondent. The Bar sought an injunction and a judgment finding respondent in criminal contempt of this Court. The referee found that in seven specific instances, the respondent engaged in the unauthorized practice of law. The referee recommended that respondent be adjudged to have engaged in the unauthorized practice of law and that he be permanently enjoined from the unauthorized practice of law, but that adjudication of criminal contempt of Court be withheld.
Mr. Treiman challenges the findings of the referee and argues that the evidence failed to establish that he engaged in the unauthorized practice of law. Having carefully examined the record and having given full consideration to the respondent’s contentions, we find them to be without merit and approve the referee’s findings of fact. The respondent also challenges the procedure by which the issues were tried and seeks another evidentiary hearing on the Bar’s charges. We are satisfied that the proceedings conducted before the referee conformed to the demands of due process and we therefore reject respondent’s arguments.
Monroe W. Treiman is hereby adjudged to have engaged in the unauthorized practice of law. Adjudication of indirect criminal contempt of this Court is withheld. Monroe W. Treiman is hereby permanently enjoined from engaging in the unauthorized practice of law in the State of Florida.
The costs incurred by The Florida Bar in these proceedings are assessed against the respondent. Judgment is entered against Monroe W. Treiman in the amount of $3,286.96, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.